UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT L. MURRAY,

                              Plaintiff,
                                                                                   9:09-CV-0872
v.                                                                               (LEK/GHL)

C.O. FOSTER, JOHN DOE,

                              Defendants.
_____

APPEARANCES:                                                            OF COUNSEL:

ROBERT L. MURRAY, 05-A-5765
Plaintiff *pro se*
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ANDREW M. CUOMO                         ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Robert L. Murray alleges that an unnamed officer slammed his finger in a cell door and that Defendant Correctional Officer Foster filed a false misbehavior report against him. Currently pending before the Court is Defendant Foster's motion to dismiss for failure to state a

claim pursuant to Federal Rules of Civil Procedure 12(b)(6).  (Dkt. No. 16.)  For the reasons that follow, I recommend that Defendant's motion be granted in part and denied in part.

**I.     BACKGROUND**

The complaint alleges that on April 23, 2009, an unnamed officer slammed Plaintiff's finger in a cell door.  (Dkt. No. 1 at 5.)  When Plaintiff reported this to another unnamed officer, that officer told him that "we don't like inmate[s] that write thing[s] up."  *Id*.  Plaintiff filed a grievance anyway.  *Id*.

On May 8, 2009, Plaintiff went to sick call to complain about pain in his finger and knee.  (Dkt. No. 1 at 5-6.)  An unnamed "lady" asked Plaintiff how he was injured.  *Id*. at 6.  When Plaintiff told her that an officer had slammed his finger in a cell door, "she gave the officer at the desk a look and she told [Plaintiff] to get out."  *Id*. at 5-6.  Although the body of Plaintiff's complaint does not identify the officer at the desk, an attachment to the complaint shows that this officer was Defendant Foster.  *Id*. at 11.  Defendant Foster walked Plaintiff back to his cell.  *Id*. at 6.  On the way, he asked if Plaintiff had been "told about writing that up."  In addition, he told Plaintiff "we do know you do lawsuit[s] [because] we see your monthly statement."  *Id.*

Later that day, Defendant Foster issued a misbehavior report charging Plaintiff with disobeying a direct order and creating a disturbance.  (Dkt. No. 1 at 11.)  Defendant Foster reported that "while covering sick call [I] overheard [Plaintiff] in a loud boisterous voice shout several times 'I gonna suit your mother fuckin' asses.'  I gave [Plaintiff] two direct orders to remain quiet [but] he refused by saying 'I'm gonna suit your mother fuckin' asses.'  I then ordered [Plaintiff] out of the sick call area and escorted him back to his cell without further incident."  *Id*.

Plaintiff alleges that Defendant Foster's report was false. (Dkt. No. 1 at 6.)  After Defendant Foster's report, Plaintiff received more misbehavior reports from other officers.  *Id*. at 12-13.  Plaintiff did not attend the disciplinary hearings.  He alleges that he refused to attend because "when they came to get me for the . . . hearings it was on the weekends and I know that it was no movement so I was afra[i]d so I sign[ed] a refus[a]l paper but the officer that came told me he was not going to let me go anyway."  *Id*. at 6.

Plaintiff alleges that he received eight stitches for the injury to his finger.  (Dkt. No. 1 at 7.)  An attachment to the complaint shows that a May 11, 2009, x-ray of Plaintiff's right hand was normal.  *Id*. at 14.

Defendant Foster now moves to dismiss the complaint.  (Dkt. No. 16.)  Plaintiff has opposed the motion.  (Dkt. No. 17.)

## II.   LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial

3

experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). In construing the complaint, the "court may consider documents attached to the complaint as an exhibit or incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

### III.  ANALYSIS

#### A.  Claims Regarding the Misbehavior Report

Plaintiff claims that Defendant Foster filed a false misbehavior report against him. (Dkt. No. 1 at 6.) A prisoner's claim that a correctional officer filed a false misbehavior report may implicate two separate constitutional provisions: (a) the Fourteenth Amendment right to procedural due process; and (b) the right not to be retaliated against for exercising First Amendment rights such as the right of access to the courts or the right to petition the government for redress of grievances.  *See Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986); *Franco v. Kelly*, 854 F.2d 584 (2d Cir. 1988); *Jones v. Coughlin*, 45 F.3d 677 (2d Cir. 1995).  I will address these

theories separately.

      1.      <u>Procedural Due Process</u>

Defendant argues that the complaint does not state a procedural due process claim. (Dkt. No. 16-1 at 2.) In his opposition papers, Plaintiff states that he did not intend to assert a due process claim. (Dkt. No. 17 at 3.) The Court, however, has the responsibility to interpret a *pro se* complaint broadly and "interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145-46 (2d Cir. 2002). I will therefore address the potential procedural due process claim.

The Second Circuit has held that while a prisoner "has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," he *does* have "the right not to be deprived of a protected liberty interest without due process of law." *Freeman*, 808 F.2d at 951. Where a prisoner is falsely accused of violating disciplinary rules and (1) a hearing is held on the allegedly false charges that comports with the procedural due process standards set forth by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and (2) any resulting guilty finding is based on "some evidence," the correctional officer's filing of unfounded charges does not give rise to procedural due process liability. *Freeman*, 808 F.2d at 953-54.

Defendant argues that Plaintiff has failed to state a procedural due process claim because "the plaintiff was offered a disciplinary hearing, but refused to attend." (Dkt. No. 16-1 at 2.) For this proposition, Defendant cites *Freeman*. Nothing in that case supports the proposition advanced by Defendant. Defendant may, however, be referring to *Brewer v. Kamas*, 533 F. Supp. 2d 318 (W.D.N.Y. 2008), a case frequently cited by prison officials for the proposition that

a prisoner who refuses to attend his disciplinary hearing forfeits the opportunity to challenge the truth of the underlying misbehavior report.

In *Brewer*, a prisoner alleged that correction officers filed false misbehavior reports against him in retaliation for filing grievances. *Brewer*, 533 F. Supp. 2d at 323.  The prisoner refused to attend his disciplinary hearing and was found guilty. *Id.*  He sued the officers in federal court. *Id.* at 324.  The officers moved for summary judgment. *Id.* at 325.  The court granted the motion, finding that the prisoner could not establish that the disciplinary charges were false because (1) he refused to attend his disciplinary hearing; (2) he offered no "explanation as to why he chose not to attend the hearing so as to rebut the charges, or why it was otherwise constitutionally deficient"; and (3) he did not "offer . . ., in opposition to [d]efendants' motion, any evidence calling into question the truth of the . . . charges." *Id.* at 330. (citation omitted).  Based on these three factors, the court stated that the plaintiff "was provided with the requisite opportunity to rebut the alleged false disciplinary charges, as required by due process, and Plaintiff, by failing to do so, has waived his right to further challenge the validity" of the misbehavior report. *Id.* (citation omitted).

*Brewer* is not applicable here because, at least on the present state of the record before the Court and the lenient standard of review applicable at this point in the proceedings,  the case is factually distinguishable.  In *Brewer*, the prisoner did not offer any explanation for his refusal to attend the hearing, did not explain why the hearing was constitutionally deficient, and did not offer any evidence calling into question the truth of the charges. *Brewer*, 533 F. Supp. 2d at 330. Here, Plaintiff has alleged that he did not attend the hearing because he was afraid and has alleged under penalty of perjury that Defendant's report was "a false report of thing I did not do."

6

(Dkt. No. 1 at 6)

Although I find, for the purposes of this motion only, that Plaintiff did not forfeit his procedural due process claim by refusing to attend the disciplinary hearing, I find that Plaintiff has not stated a procedural due process claim. Plaintiff has not alleged that the disciplinary hearing violated the *Wolff* standards[1] or that the hearing officer's decision was not based on "some evidence." Therefore, I recommend that the Court dismiss Plaintiff's procedural due process claim.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted). Here, there is a possibility that better pleading would cure the defects in Plaintiff's procedural due process claim. Therefore, I recommend that the Court dismiss the claim with leave to amend.

2.  Retaliation

Read broadly, Plaintiff's complaint also alleges that Defendant Foster issued the misbehavior report against him in retaliation for Plaintiff's filing of grievances and/or lawsuits.

---

[1] Under *Wolff*, due process is satisfied if an inmate facing disciplinary charges receives (1) advanced written notice of the charges against him; (2) a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; (3) a fair and impartial hearing officer; and (4) a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken. *Wolff*, 418 U.S. at 563-67; *Luna v. Pico*, 356 F.3d 481, 487 (2d Cir. 2004).

(Dkt. No. 1 at 6.)

"An allegation that a prison official filed false disciplinary charges in retaliation for the exercise of a constitutionally protected right ... states a claim under § 1983. A plaintiff alleging retaliatory punishment bears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the prison officials' decision to discipline the plaintiff. " *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (citations omitted). The filing of a grievance against prison officials is constitutionally protected conduct. *Scott v. Coughlin*, 344 F.3d 282, 288 (2d Cir. 2003); *Graham v. Henderson,* 89 F.3d 75, 80 (2d Cir. 1996). Moreover, "[p]risoners ... have a constitutional right of access to the courts and to petition the government for the redress of grievances." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

Defendant argues that Plaintiff has failed to state a retaliation cause of action because "[t]here are no allegations that [D]efendant Foster knew anything about the plaintiff writing grievances or making complaints, said anything about such grievances or complaints or filed the one misbehavior report in retaliation for any grievance or complaint filed by the plaintiff." (Dkt. No. 16-1 at 2.) Defendant's argument is without merit. The complaint alleges that Defendant Foster referred to an unnamed officer's warning not to file grievances ("was you told about writing that up") and informed Plaintiff that "we do know you do lawsuit." (Dkt. No. 1 at 6.) In the misbehavior report, Defendant Foster reported that Plaintiff had threatened to file a lawsuit. *Id*. at 11. This plausibly suggests that Defendant Foster took adverse action against Plaintiff for engaging in protected conduct. Therefore, I recommend that the Court deny Defendant's motion to dismiss Plaintiff's retaliation claim.

B.      **Eighth Amendment**

As Defendant Foster correctly notes (Dkt. No. 16-1 at 3), the complaint does not appear to assert an Eighth Amendment claim against Defendant Foster. Rather, it asserts that an unnamed officer slammed Plaintiff's finger in a cell door. Therefore, I recommend that the Court grant Defendant Foster's motion to dismiss any Eighth Amendment claim against him. I recommend that the Court grant Plaintiff leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's motion to dismiss for failure to state a claim (Dkt. No. 16) be **GRANTED IN PART AND DENIED IN PART**. I recommend that the Court grant Defendant's motion as to the procedural due process and Eighth Amendment claims with leave to amend. I recommend that Defendant Foster be directed to answer Plaintiff's retaliation claim.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: June 11, 2010
      Syracuse, New York

George H. Lowe
United States Magistrate Judge